UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CARLOS CIENFUEGOS,

       Plaintiff,

  -v-                                                         No. 13CV6968-LTS-HBP

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

        Carlos Cienfuegos ("Cienfuegos" or "Plaintiff"), brings this action pro se, pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of the final determination of the Commissioner of Social Security (the "Commissioner") finding that Plaintiff was not disabled and was ineligible for supplemental security income benefits ("SSI") as of March 12, 2010.  The Commissioner has moved for judgment on the pleadings pursuant to Rule 12(c) of the of the Federal Rules of Civil Procedure. (See Docket Entry No. 11.)  In response to the Commissioner's motion, Plaintiff submitted a one-page affirmation dated May 19, 2014, which did not identify any specific errors in the Administrative Law Judge's ("ALJ") decision denying him benefits.  (See Docket Entry No. 13.)  In an order dated October 27, 2014, Magistrate Judge Henry B. Pitman granted Plaintiff a one-month extension to make a supplemental submission explaining his challenges to the ALJ's decision.  (See Docket Entry No. 14.)  No such submission was ever received and, on November 26, 2014, Judge Pitman "consider[ed] the matter to be fully submitted and ripe for decision." (Id.)

Before the Court is Judge Pitman's December 19, 2014, Revised Report and Recommendation (the "Report"), recommending that the Commissioner's motion for judgment on the pleadings be granted.  (See Docket Entry No. 16.)  On January 15, 2015, Plaintiff filed his objections (the "Objections") to the Report, in the form of a one-page affirmation asserting that he is disabled by certain psychological and physical ailments.  (See Docket Entry No. 17.)  This affirmation was accompanied by documentation of a March 2014 psychiatric assessment, and discharge instructions from a January 2015 hospitalization.  (Id.)

### DISCUSSION

When reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012).  The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Sanchez v. Dankert, No. 03CV2276-LTS, 2004 WL 439502, at *1 (S.D.N.Y. Mar. 9, 2014); accord Silva v. Peninsula Hotel, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007).

The affirmation submitted by Mr. Cienfuegos is a conclusory general objection, which raises no specific arguments with respect to any portion of Judge Pitman's thorough and well-reasoned report.  Rather, Plaintiff simply reasserts his position that he is disabled, and supports this claim with a two-page March 2014 psychiatric report diagnosing him as schizophrenic and stating, without elaboration, that Plaintiff had been disabled for the preceding

12 months, and a January 2015 hospitalization discharge document reflecting diagnoses of schizophrenia and asthma.  As explained below, the additional documents that Plaintiff has submitted do not show that Judge Pitman's Report and Recommendation, finding that the ALJ's 2013 determination that Plaintiff was not disabled in 2010 was supported by substantial evidence, is erroneous.  See Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1990) ("the Court examines the record to determine if the Commissioner's conclusions are supported by substantial evidence.").

The ALJ thoroughly developed the record in this case and found no diagnostic evidence of the disabling asthma or schizophrenia that Plaintiff now claims.  As the Report notes, "[t]he Commissioner, presumably because there was no evidence from a current, regular treating physician, requested the speech and language assessment by Laureano . . . and the consultative examination with Dr. Wade."  (Report at p. 44.)  The report from Dr. Laureano indicated that Plaintiff had reported his asthma condition (see Administrative Record, Docket Entry No. 10 ("Tr.") at p. 233), and Dr. Wade's consultive examination report includes an asthma diagnosis.  (Id. at 243.)  Neither doctor appears to have identified this condition as disabling, nor did the Plaintiff.  This is reflected in the ALJ's finding that, despite the asthma diagnosis and complaint, "[t]he claimant has not alleged, nor does the evidence of record indicate, any physical limitations."  (Tr. at p. 24.)  Judge Pitman noted this in his Report, ultimately finding this conclusion to be supported by substantial evidence.  (See Report at p. 44.)  The Court sees no clear error in this determination, which relates to whether Plaintiff was disabled in 2010.

Plaintiff's more recent asthma diagnosis does not warrant a finding that the ALJ's determination was erroneous.  As acknowledged by both the ALJ and Judge Pitman, at the time

of the evaluation of Plaintiff's adult disability status as of March 2010, Plaintiff did not claim that he was disabled by asthma.  (Tr. at p. 24; Report at p. 44.)  Plaintiff's January 2015 asthma diagnosis has no bearing on Judge Pitman's review of the evidence supporting the ALJ's decision, which was a determination of Plaintiff's disability as of March 2010.  This later-proffered evidence of asthma is therefore insufficient to support a finding of clear error in Judge Pitman's Report that the ALJ's determination of Plaintiff's disability status as of March 2010 was supported by substantial evidence.[1]

        Plaintiff's claim that the ALJ's determination should be rejected because Plaintiff was diagnosed with schizophrenia and found disabled in 2014 suffers from the same flaws.  The Court again notes that the ALJ worked diligently to develop the record with regard to this issue.  When Plaintiff indicated to the ALJ at this initial hearing that he had not sought treatment for his alleged schizophrenia, the ALJ gave him a self-addressed, stamped envelope with instructions to submit additional evidence, and issued a subpoena for Plaintiff's more recent medical records.  (See Tr. at pp. 57-60; Report at p. 20.)  However, Plaintiff submitted no new documents to the ALJ at his second hearing, and the ALJ received no additional records under the subpoena, as Plaintiff had not sought psychological treatment subsequent to his initial discharge from Lincoln Medical, where he had been diagnosed as suffering from substance induced psychosis and chronic substance abuse.  (See Tr. at 43, 45-46; Report at pp. 11, 45-46.)  None of the evidence gathered by the ALJ, nor that provided by Plaintiff himself, indicated a schizophrenia diagnosis.

---

[1] The Court also notes that "courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge."  Berbick v. Precinct 42, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).  Plaintiff gives no compelling reason for his failure to present his March 2014 report, which could have been offered in response to Judge Pitman's October 27, 2014, order allowing for a supplemental submission, to Judge Pitman.

Plaintiff's later-offered evidence of his schizophrenia diagnosis and attendant disability in March 2014 is not evidence of the state of Plaintiff's disability in 2010, and does not show that the ALJ's determination on that point was inconsistent with the evidence considered by the ALJ.

The record before the Court thus demonstrates that Judge Pitman considered Plaintiff's medical and psychiatric conditions in formulating his Report and Recommendation, and that the additional information provided by the Plaintiff does not pertain to the period that is at issue in this case.  While Plaintiff is not precluded from making a new application to the Social Security Administration for benefits based on his current condition, the Court finds no clear error in Judge Pitman's thorough and well-reasoned Report, and will adopt the Report in its entirety.

CONCLUSION

The Court adopts the Report (Docket Entry Number 16) in its entirety. Accordingly, the Commissioner's motion for judgment on the pleadings pursuant to Rule 12(c) is granted. The Clerk of Court is respectfully requested to enter judgment in favor of the Commissioner and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444, 82 S. Ct. 917 (1962).

This Memorandum Opinion and Order resolves Docket Entry Number 11.

SO ORDERED.

Dated: New York, New York
January 21, 2015

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

COPY MAILED TO:
Carlos Cienfuegos
652 Faile St.
1st floor
Bronx, NY 10474